UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA MAGLIONE-CHENAULT, an individual

      Plaintiff,

v.                                                Case No:  2:13-cv-811-FtM-38CM

DOUGLAS REALTY &
DEVELOPMENT, INC., GULFSTYLE
REALTY, INC., A&J CONSULTING
INC. and DOROTHY YOUNG,

      Defendants/Third Party Plaintiff

GULFSTYLE REALTY, INC., A&J
CONSULTING INC. and
DOROTHY YOUNG,

      Third Party Defendants.

_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Lisa Maglione-Chenault and Third Party Defendants Gulfstyle Realty, Inc. and Dorothy Young's Motion to Dismiss Counterclaims and Third Party Complaint and Motion to Strike Affirmative Defenses (Doc. #20) filed on February 27, 2014. Although given the opportunity, Defendant Douglas

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Realty & Development, Inc. has not filed a response in opposition and the time to do so has expired. This matter is now ripe for review.

## Background

Plaintiff Lisa Maglione-Chenault filed a two-count Complaint on November 21, 2013, against Defendant Douglas Realty & Development, Inc. (Doc. #1). The action is brought pursuant to the Fair Labor Standards Act ("FLSA") for unpaid wages, unpaid overtime, and retaliation. The Complaint specifically alleges in April 2010, Maglione-Chenault was hired by Douglas Realty to serve as a Property Manager at a location in Lee County, Florida. (Doc. #1, at ¶6). Maglione-Chenault's job as Property Manager for Douglas Realty required long work hours. (Doc. #1, at ¶¶11-12, 27). Maglione-Chenault was paid on a salary basis rather than an hourly rate. (Doc. #1, at ¶¶13-14, 22). Maglione-Chenault often worked more than 40 hours a week but did not receive overtime compensation or minimum wage compensation. (Doc. #1, at ¶27).

At some point, Maglione-Chenault demanded "proper" compensation. (Doc. #1, at ¶29). But in response, Douglas Realty began a campaign of retaliation against Maglione-Chenault which resulted in a constructive discharge. (Doc. #1, at ¶¶29, 35). Maglione-Chenault initiated this lawsuit against Douglas Realty for failing to pay her for the hours she worked in excess of her regular 40 hour work week and retaliating against her for seeking proper compensation. (Doc. #1, at ¶¶46, 50).

After the Complaint was filed, Douglas Realty filed an answer, affirmative defenses, and a three-count counterclaim and third-party complaint. (Doc. #19). There are three affirmative defenses. The first affirmative defense is that Maglione-Chenault fails to state a cause of action because her claims are vague, confusing and contradictory,

and fail to provide sufficient details to put defendant on notice. (Doc. #19, at ¶55). The second affirmative defense discusses why Douglas Realty believes Maglione-Chenault was not an employee within the meaning of the FLSA but instead was an independent contractor paid based on her commissions. (Doc. #19, at ¶56). The third affirmative defense states Maglione-Chenault owes Douglas Realty for her breach of trade secrets, theft of confidential information, unfair competition, tortious interference with contractual relationships and other tortious acts committed against Douglas Realty. (Doc. #1, at ¶57).

Douglas Realty's counterclaims and third-party complaint adds A&J Consulting Inc., Gulfstyle Realty, Inc., and Dorothy Young as defendants to this case. Count I is Tortious Interference with Contractual Relations as to all Defendants, Count II is Negligent Supervision as to Defendants Gulfstyle and Young, and Count III is Theft of Trade Secrets in violation of Chapter 688 of the Florida Statutes as to all Defendants. The counterclaims and third-party complaint alleges Maglione-Chenault affiliated herself and her real estate company, A&J, with Gulfstyle after leaving her employment with Douglas Realty. (Doc. #19, at ¶63). And when Maglione-Chenault did so, she took proprietary and confidential client information belonging to Douglas Realty and then began immediately working for Gulfstyle. (Doc. #19, at ¶¶75-76).

Thereafter, Douglas Realty alleges A&J, Maglione-Chenault, Young, and Gulfstyle contacted Douglas Realty's clients to solicit the breach of its clients then existing contracts with Douglas Realty in order to use Gulfstyle's services instead. (Doc. #19, at ¶¶81, 83, 98). Further, the counterclaims and third-party complaint allege these defendants misappropriated Douglas Realty's trade secrets and propriety information. (Doc. #19, at ¶107). The counterclaims and third-party complaint also allege Young and Gulfstyle were

3

negligent in supervising Maglione-Cheault's behavior by allowing her to solicit Douglas Realty's existing clients and by intentionally assisting others to breach existing contracts with Douglas Realty. (Doc. #19, at ¶99). As a result, Douglas Realty has suffered damages from the actions of Maglione-Chenault, A&J, Young, and Gulfstyle. (Doc. #19, at ¶¶89, 111). Douglas Realty also states punitive damages should be awarded to discourage and deter like treatment from similarly situated persons in the future. (Doc. #19, at ¶91).

Maglione-Chenault along with Gulfstyle and Young ("the moving Parties") jointly argue that the third-party Complaint should be dismissed against Gulfstyle and Young because the allegations are purely state law claims that do not have anything to do with the pending FLSA matter. In addition, the moving Parties argue the counterclaims should be dismissed because the allegations fail to allege facts sufficient to state a claim against any of the Parties upon which relief can be granted. The moving Parties argue Douglas Realty's affirmative defenses should be stricken because they are insufficient. Lastly, the moving Parties argue that the prayer for punitive damages is improper.

**Discussion**

i. Motion to Dismiss Third-Party Complaint

Rule 14(a) of the Federal Rules of Civil Procedure permits a defendant to bring a claim against any person not a party to the main action if that third person's liability is in some way dependent on the outcome of the main action. United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987). This rule, however, does not permit a defendant to assert a wholly separate and independent claim even if the claim arises out of the same general set of facts as the main action. Id. (citing Southeast Mortgage Co. v. Mullins, 514

F.2d 747, 749-50 (5th Cir. 1975); United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751-52 (5th Cir. 1967)).

The moving Parties argue the counterclaims and third-party complaint should be dismissed against Defendants Gulfstyle and Young because the claims asserted against them are not related to the FLSA main action. Further, the moving Parties argue this Court should not exercise supplemental jurisdiction over Defendant Douglas Realty's state law claims because there is no reasonable nexus to Maglione-Chenault's FLSA main action.

The Court agrees with the conclusion sought by the moving Parties. The main action here is an unpaid wages, unpaid overtime, and retaliation action pursuant to the FLSA. Whereas, the third-party action is a tortious interference, negligent supervision, and theft of trade secrets action brought pursuant to state law and arising from alleged post-employment acts. These matters are wholly distinct and unrelated even if two of the parties, Maglione-Chenault and Douglas Realty, are the same in both matters and a few facts surrounding the legal issues may overlap. See Stewart Title Guar. Co. v. Title Dynamics, Inc., No. 2:04CV316FTN-33SPC, 2005 WL 1593364, at *5 (M.D. Fla. June 30, 2005) (discussing that third-party complaint brought independent claims and therefore dismissal was appropriate). These matters are not dependent on whether Douglas Realty is liable to Maglione-Chenault with regard to unpaid wages, unpaid overtime, and retaliation. Moreover, the counterclaims and third-party complaint is not related to the main action, brings unrelated state law issues to be considered, and would not support judicial economy, convenience, fairness, or comity. The witnesses and evidence would not necessarily be the same. Leite v. Termron, Inc., No. 12-22118-CIV, 2012 WL 4049962, at *2 (S.D. Fla. Sept. 13, 2012) (citations omitted). Moreover, the Court finds it

would be inappropriate to exercise supplemental jurisdiction over the state claims brought in the counterclaims and third-party complaint as well because the claims do not arise out of a common nucleus of operative fact. 28 U.S.C. § 1367; Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997) (explaining supplemental jurisdiction exists if all state claims arise out of a common nucleus of operative fact with a substantial federal claim) (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 724-25 (1966); Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 156-64 (11th Cir. 1994)); Veal v. Voyager Prop. and Cas. Ins. Co., No. 8:04-CV-323-T-27MSS, 2008 WL 2512528, at *2 (M.D. Fla. June 20, 2008) (citations omitted); Cruz v. Winter Garden Realty, LLC, No. 6:12-cv-1098-Orl-22KRS, 2012 WL 6212909, at *9 (M.D. Fla. Nov. 27, 2012) (finding it was inappropriate to exercise supplemental jurisdiction when additional action for tortious interference, civil theft, and conversion were not related to main FLSA action for unpaid wages). Accordingly, the motion to dismiss the counterclaims and third-party complaint is due to be dismissed in its entirety without prejudice. Ingram v. Sch. Bd. of Miami-Dade County, 167 Fed.Appx. 107, 109 (11th Cir. 2006) (citing Eubanks v. Gerwen, 40 F.3d 1157, 1162 (11th Cir. 1994)).

    ii.    Motion to Strike Affirmative Defenses

A party is required to assert its affirmative defenses to any claim in its responsive pleading. Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F.Supp. 1416, 1420 (M.D. Fla. July 20, 1989) (citing Fed.R.Civ.P. 12). The opposing party may then move to strike improper affirmative defenses. Albeit, affirmative defenses are not stricken when the defense presents a bona fide issue. Royal Palm Sav. Ass'n, 716 F.Supp. at 1420 (citing A.M. Kiddler & Co. v. Turner, 106 So.2d 905, 906 (Fla. 1958)); see also Fifth Third Bank

v. Alaedin & Majdi Investments, Inc., No. 8:11-CV-2206-T-17TBM, 2012 WL 1137104, at *3 (M.D. Fla. Apr. 4, 2012) (explaining that a motion to strike an affirmative defense is usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties) (quoting Story v. Sunshine Foliage World, Inc., 120 F.Supp.2d 1027, 1030 (M.D. Fla. 2000) (quoting Seibel v. Society Lease, Inc., 969 F.Supp. 713, 715 (M.D. Fla. 1997))). In addition, when a court reviews a motion to strike an affirmative defense, it must accept the truthfulness of the well-pleaded facts and it cannot consider matters beyond the pleadings. Fifth Third Bank, 2012 WL 1137104 at *3 (quoting Thompson v. Kindred Nursing Centers East, LLC, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (citing Carlson Corp./Southeast v. Sch. Bd. of Seminole County Fla., 778 F.Supp. 518 (M.D. Fla. 1991))). The moving Parties argue Douglas Realty's three affirmative defenses are legally insufficient and therefore must be stricken.

    *a. First Affirmative Defense*

Douglas Realty's first affirmative defense is that "Plaintiff fails to state a cause of action or causes of action inasmuch as Plaintiff's claims are vague, confusing and contradictory and fail to provide sufficient detail to put Defendant on notice as to Plaintiff's allegations." (Doc. #19, at ¶55). The moving Parties argue this is not a valid affirmative defense because it is insufficient as a matter of law, and even if it were true, it does not permit Douglas Realty the opportunity to escape liability. Upon review and consideration, the Court finds this affirmative defense is not a proper affirmative defense. Rosada v. John Wieland Homes and Neighborhoods, Inc., No. 3:09-cv-652-J-20MCR, 2010 WL 1249841, at *2 (M.D. Fla. Mar. 25, 2010) (explaining that an affirmative defense stating that complaint fails to state of cause of action is not an affirmative defense but is instead

a denial as it alleges only a defect in a plaintiff's *prima facie* case) (citing In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988)); see also United Fixtures Co., Inc. v. Base Mfg., No. 6:08-cv-506-Orl-28GJK, 2008 WL 4550212, at *4 (M.D. Fla. Oct. 8, 2008). The Court finds, however, the proper remedy is not to strike this affirmative defense but instead is to construe it as a specific denial. Rosada, 2010 WL 1249841, at *2 (citing Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007); Gonzalez v. Spears Holdings, Inc., No. 09-60501-CIV, 2009 WL 2391233, at *2 (S.D. Fla. July 31, 2009)); Cadle v. Geico Gen. Ins. Co., No. 6:13-cv-1591-Orl-31GJK, 2014 WL 793339, at *2 (M.D. Fla. Feb 27, 2014) (same) (citing Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc., No. 8:08-cv-1048-T-24EAJ, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008)). Therefore, the motion is denied with regard to this affirmative defense.

*b. Second Affirmative Defense*

Douglas Realty's second affirmative defense is that Maglione-Chenault was not an employee of Douglas Realty within the meaning of the FLSA but instead was an independent contractor paid based on her commissions. (Doc. #19, at ¶56). The moving Parties state this defense is insufficient to escape liability because it is a conclusory statement that does not need to be taken as true. Further, the moving Parties argue this defense should be stricken because it fails to conform to the appropriate pleading standards.

The Court finds Douglas Realty's second affirmative defense is also not a true affirmative defense but is a mere denial. Adams v. Jumpstart Wireless Corp., 294 F.R.D. 668, 671 (S.D. Fla. 2013) (discussing that an affirmative defense stating that a plaintiff

8

was never an employee of defendant but instead was an independent contractor is a mere denial rather than an appropriate affirmative defense); see generally Diaz v. Jaguar Rest. Group, LLC, 627 F.3d 1212 (11th Cir. 2010) (one of defendant's affirmative defenses was that plaintiff was an independent contractor). Accordingly, the proper remedy is to not strike this affirmative defense but instead is to treat it as a denial. Adams, 294 F.R.D. at 671. Therefore, the motion is denied with regard to this affirmative defense.

   *c. Third Affirmative Defense*

Douglas Realty's third affirmative defense is that Maglione-Chenault owes a set-off to Douglas Realty for her breach of trade secrets, theft of confidential information, unfair competition, tortious interference with contractual relationships, and other tortious acts committed against Douglas Realty. (Doc. #19, at ¶57). The moving Parties assert this affirmative defense is inappropriate because it is legally insufficient because Douglas Realty is seeking affirmative relief from alleged post-employment acts of Maglione-Chenault's unrelated to her employment with regard to her FLSA claims. The moving Parties rely on Brennan v. Heard, 491 F.2d 1 (5th Cir. 1974), stating that a set-off here would prevent Maglione-Chenault from receiving her "cash in hand." Id. at 4.

An employee receives a set-off if he receives pay in which he is not entitled to, and consequently this pay is subtracted from any amount of overtime compensation owed. King v. ITT Educational Services, Inc., No. 3:09-cv-848-J-32MCR, 2009 WL 3583881, at *2 (citing Mercer v. Palm Harbor Homes, Inc., No. 805CV1435T30TGW, 2005 WL 3019302, at *2 (M.D. Fla. Nov. 10, 2005); Tibensky v. C.D.C. Acquisition Corp., No. 605CV820ORL28DAB, 2005 WL 1949825, at *1 (M.D. Fla. Aug. 12, 2005)). The FLSA provides certain payments made by an employer shall be "credible toward overtime

compensation." Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1321 (S.D. Fla. 2005); 28 U.S.C. §§ 207(e), 207(h). Moreover, courts have found Brennan does not represent that all set-offs are inappropriate. King, 2009 WL 3583881, at *2. Instead, Brennan stands for the proposition that set-offs cannot cause a plaintiff's wages to fall below the statutory minimum. Id. (citations omitted); see also Singer v. City of Waco, Tex., 324 F.3d 813, 828 n. 9 (5th Cir. 2003).

Here, Douglas Realty seeks to set-off the alleged failure to pay overtime wages by seeking damages for its alleged misappropriation of trade secrets, confidential information, and the like. This is not the kind of set-off that involves an overpayment of wages by Douglas Realty to Maglione-Chenault. Nelson v. CK Nelson, Inc., No. 07-61416-CIV, 2008 WL 2323892, at *3 (S.D. Fla. June 2, 2008) (finding that an alleged set-off regarding alleged damages caused by plaintiff would invariably cause plaintiff to not receive the overtime payments he was allegedly entitled to under the FLSA and accordingly, this kind of set-off was an inappropriate affirmative defense). Allowing such a set-off would cause Plaintiff to not receive the overtime payments he was allegedly entitled to under the FLSA. Id. Therefore, allowing Douglas Realty's third affirmative defense would be inappropriate. Id. The Court will strike the third affirmative defense.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Lisa Maglione-Chenault and Third Party Defendants Gulfstyle Realty, Inc. and Dorothy Young's Motion to Dismiss Counterclaims and Third Party Complaint and Motion to Strike Affirmative Defenses (Doc. #20) is **GRANTED in part** and **DENIED in part**:

    a. The counterclaims and third-party complaint are **DISMISSED without prejudice**.

    b. Motion to Strike first and second affirmative defenses is **DENIED**. The Court will treat these affirmative defenses as a denial.

    c. Motion to Strike third affirmative defense is **GRANTED**.

    d. Motion to strike claims for punitive damages is **DENIED as moot**.

2. Defendant Douglas Realty is directed to file and serve an amended answer, counterclaims, and affirmative defenses in accordance to this order no later than **April 23, 2014**.

3. The Clerk is directed to terminate Defendants A&J Consulting Inc., Gulfstyle Realty, Inc. and Dorothy Young from this matter.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of April, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record