# RELEASE AND SETTLEMENT AGREEMENT
# PENDING LITIGATION

THIS RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is executed effective as of _____, 2015, by **Lisa Maglione-Chenault**, (hereinafter referred to as **"Plaintiff"**), and **Douglas Realty & Development, Inc.** and its respective parent and/or subsidiary companies, successors, predecessors, shareholders, officers, directors, representatives, agents, and employees of the foregoing entities (hereinafter collectively referred to as "**Douglas Realty**"). The **Plaintiff** and **Douglas Realty** are collectively referred to as the Parties throughout this Settlement Agreement or individually referred to as a Party.

WHEREAS, certain disputes relating to alleged violation of the Fair Labor Standards Act ("FLSA") have arisen between the Parties resulting in litigation pending in the United States District Court for the Middle District of Florida, Cause Number 2:13-cv-811-FtM-38., hereinafter "Lawsuit"; and

WHEREAS, the Parties hereto have finally agreed to fully settle all such claims and other matters upon the terms stated herein;

WHEREAS, **Douglas Realty** denies any and all liability for the allegations made in the above complaint.

WHEREAS, the **Plaintiff** recognizes that liability for any of her alleged claims for damages is disputed.

WHEREAS, the Parties have conducted discovery and the Plaintiff's claims remain in doubt.

WHEREAS, the Plaintiff agrees to release, discharge, and forever dismiss all claims under the Fair Labor Standards Act (FLSA) against Douglas Realty for all damages which may have arisen, including but not limited to claims that were or could have been brought in the Lawsuit.

NOW THEREFORE, for value received, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereto agree as follows:

1. <u>Terms of Settlement</u>. Subject to the conditions hereinafter set forth, the Parties agree as follows:

    a. <u>Releases</u>. the **Plaintiff** agrees to release **Douglas Realty** as follows: The **Plaintiff** agrees to forever release and discharge **Douglas Realty**, its agents, shareholders, officers, employees, affiliates, successors, heirs, personal representatives, and assigns from any and all claims, actions, causes of actions, and demands under the FLSA, whether known or unknown, accrued or unaccrued, rising out of or in any way relating to the

lawsuit.

      b. Consideration. In consideration for the execution by Plaintiff of this Settlement Agreement pursuant to the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA") (hereinafter, the "Agreement"), and compliance by Plaintiff with the promises made herein, Defendant agrees to pay the total gross sum of Ten Dollars and Zero Cents ($10.00) (the "Payment") to Plaintiff and her attorney within ten (10) calendar days after receipt of: a) this Agreement containing Plaintiff's original signature; b) the Court's entry of an Order approving this settlement and dismissing this case.

      c. Compromise of Claims.  The Parties acknowledge that they have conducted discovery by and through their respective counsel, and that the documents and things obtained during discovery in the Lawsuit do not conclusively establish liability of Douglas Realty for violation of the Fair Labor Standards Act (FLSA).  The Parties further acknowledge that this is a compromise settlement of the claims against **Douglas Realty**, and that this Settlement Agreement is being entered into to avoid the potential expense and inconvenience of litigation.  **Douglas Realty** in no way admits any liability with respect to the foregoing and in fact, expressly denies any liability with respect thereto.  In no event shall anything contained herein be construed as an admission of liability on the part of any of the parties hereto.  The Parties acknowledge that the avoidance of litigation expenses serve as consideration for this Agreement.

      d. Full and Complete Settlement.  The Parties acknowledge that the consideration described herein shall completely and fully satisfy all claims, actions, causes of action, demands, damages, costs and expenses under the FLSA which the Plaintiff may have against Douglas Realty.  This Settlement Agreement is entered into freely and voluntarily by the parties with the approval and advice of counsel.  The Parties further agree to dismiss the Lawsuit with prejudice within five business days of execution of this Agreement.  The Parties shall pay their respective attorney's fees and costs.

2. Representations and Warranties.  **Douglas Realty**, represents and warrants to the **Plaintiff** that the execution, delivery and performance of this Settlement Agreement by the officer executing this agreement on behalf of **Douglas Realty** has been voluntary and constitutes the legal, valid and binding obligation of Douglas Realty & Development, Inc. and is enforceable against it in accordance with the terms hereof.

3.      Miscellaneous

      a. Binding Effect and Benefit.  This Settlement Agreement shall inure to the benefit of the parties hereto, and shall be binding upon, the parties hereto, and their respective heirs, executors, administrators, personal representatives, successors and assigns.

      b. Modification.  No provision contained herein may be modified, amended or waived except by written agreement or consent signed by the party to be bound thereby.

    c. <u>Headings and Captions</u>.  Subject headings and captions are included for convenience purposes only and shall not affect the interpretation of this Settlement Agreement.

    d. <u>Gender and Number</u>.  Throughout this Settlement Agreement, the masculine shall include the feminine and neuter and the singular shall include the plural and vice versa as the context requires.

    e. <u>Entire Agreement</u>.  This document constitutes the entire agreement of the parties and supersedes any and all other prior agreements, oral or written, with respect to the subject matter contained herein.

    f. <u>Governing Law</u>.  This Settlement Agreement shall be subject to and governed by the laws of the State of Florida.  The Parties agree that the above-described court shall retain jurisdiction to enforce the terms of this Settlement Agreement, including, if necessary, injunctive relief.

    g. <u>Counterparts</u>.  This Settlement Agreement may be executed in two or more counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

    h. <u>Expenses</u>.  Each party shall pay its own respective legal and other professional fees and other expenses incurred in connection with the matters addressed herein.

    i. <u>Attorney's Fees</u>.  Each party shall bear all attorney's fees and costs arising from the actions of their own counsel in connection with the Lawsuit and other matters related thereto.  However, in any litigation to enforce the terms or duties of this Settlement Agreement, the prevailing party shall be entitled to the recovery of their attorney's fees and costs through appeal as an additional element of damage.

IN WITNESS WHEREOF, the undersigned has executed this Settlement Agreement effective as of the day and year aforesaid.

**I HAVE READ THIS AGREEMENT. I UNDERSTAND THAT I AM GIVING UP IMPORTANT RIGHTS. I AM AWARE OF MY RIGHT TO CONSULT WITH AN ATTORNEY OF MY OWN CHOOSING AND THAT I HAVE BEEN ADVISED TO UNDERTAKE SUCH CONSULTATION BEFORE SIGNING THIS AGREEMENT. I SIGN THIS AGREEMENT FREELY AND VOLUNTARILY, WITHOUT DURESS OR COERCION.**

Dated: _____, 2015         _____
                                        Lisa Maglione-Chenault


Dated: _____, 2015         _____
                                        Benjamin H. Yormak, Esq. (counsel for Plaintiff)


**AS A DULY AUTHORIZED OFFICER OF DOUGLAS REALTY & DEVELOPMENT, INC., I HAVE READ THIS AGREEMENT. I AM AWARE OF DOUGLAS'S RIGHT TO CONSULT WITH AN ATTORNEY OF ITS OWN CHOOSING AND THAT COUNSEL FOR THE DEFENDANTS HAVE ADVISED DOUGLAS TO UNDERTAKE SUCH CONSULTATION BEFORE SIGNING THIS AGREEMENT. I SIGN THIS AGREEMENT FREELY AND VOLUNTARILY, WITHOUT DURESS OR COERCION.**

Dated: _____, 2015         By: _____

                                        Douglas Realty & Development, Inc.

                                        Name:  <u>Kevin Haag</u>

                                        Title: <u>President</u>


Dated: _____, 2015         _____
                                        Esmond J. Lewis, Esq. (counsel for Defendant)