IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

LISA MAGLIONE-CHENAULT, an individual,
        Plaintiff,

vs.                              CASE NO. 2:13-cv-811-FtM-38 UAM

DOUGLAS REALTY & DEVELOPMENT, INC., a
Florida Corporation,
        Defendant(s).
_____/

### RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT

    COME NOW, the Parties, by and through their undersigned counsel, and move the Court to approve the settlement in this matter and in support state the following:

#### BACKGROUND

    1. On or about November 21, 2013, the Plaintiff, Lisa Maglione-Chenault, filed a two count Complaint (Doc. 1) against the Defendant, Douglas Realty & Development, Inc., under the Fair Labor Standards Act (FLSA) alleging unpaid overtime wages and unlawful retaliation under the FLSA.

    2. The Court has jurisdiction of these claims under 28 U.S.C. §1331.

    3. Specifically, Plaintiff, alleged that the Defendant failed to pay her proper overtime for all hours worked by her over forty in a week. (¶46 Complaint, Doc. 1). Plaintiff further alleged that she was constructively discharged as a result of engaging in the protectively activity under the FLSA of seeking enforcement and correction of Defendant's alleged refusal to pay proper wages in accordance with the FLSA. (¶50-53 Complaint, Doc 1).

4. Defendant, DOUGLAS REALTY & DEVELOPMENT, INC., has denied liability to Plaintiff and has denied Plaintiff's substantive allegations of violation of the FLSA.

5. The Parties acknowledge that they have conducted discovery by and through their respective counsel, and that the documents and things obtained in discovery do not conclusively establish liability of Douglas Realty for violation of the Fair Labor Standards Act (FLSA).

## SETTLEMENT

6. The parties notified the Court on May 1, 2015 that a settlement in principal had been reached. The Parties have now reduced that proposed settlement to writing.

7. Due to the expense and uncertainties of litigation, the parties have agreed to a compromise of the disputed claims whereby the Defendant will pay a nominal settlement fee to Plaintiff in settlement of the claims at issue. The reason for such a compromise is that discovery in this matter has not yielded sufficient evidence such that the Plaintiff desires to assume the risk of this matter being adversely decided on a dispositive motion or at trial. Simply put, the strength of the defenses in this matter appear to be quite strong and thus, the Plaintiff's ability to establish liability is firmly in doubt. The Court has approved settlements under such circumstances. *See e.g., Diaz v. Mattress One, Inc.*, 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

8. Furthermore, due to the Plaintiff's difficulty in proving liability under the FLSA, this settlement is due to be approved. *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010). Consequently, the settlement between the Parties constitutes a fair and

reasonable resolution of a bona fide dispute over FLSA issues, in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

9. Pursuant to the Settlement Agreement, each party agreed to bear its own attorney's fees and costs in connection with the Lawsuit.

10. An unexecuted copy of the proposed Settlement Agreement is attached hereto as an exhibit, the form and content of which the parties have already agreed upon.

### REQUEST FOR APPROVAL & WAIVER OF OBJECTION

11. The Parties, by and through their counsel, believe that the settlement reached is fair based on the facts of the case as determined through discovery.

12. Therefore, the Parties move for an order approving the settlement agreement.

13. The Parties further agree to waive the objection period to the Court's Report & Recommendation if the recommendation is for approval of the Joint Motion to Approve the Settlement.

WHEREFORE, the Parties respectfully request that the court approve the Settlement Agreement in this matter and award such other and further relief as deemed appropriate.

Respectfully Submitted on this 24th day of July, 2015,

| ESMOND LEWIS LAW FIRM | YORMAK EMPLOYMENT &, DISABILITY LAW |
|---|---|
| /s/ Esmond J. Lewis<br>Esmond Lewis, Esq.<br>Florida Bar No. 0894311<br>esmond@esmondlewislaw.com<br>5237 Summerlin Commons Blvd.<br>Suite 312<br>Fort Myers, FL 33907<br>Telephone: (239) 275-2215<br>Facsimile: (866) 724-0342<br>*Attorney for Defendant* | /s/ Benhamin H. Yormak<br>Benjamin H. Yormak, Esq.<br>Florida Bar No. 71272<br>byormak@yormaklaw.com<br>9990 Coconut Rd<br>Fort Myers, FL 33907<br>Telephone: (239) 985-9691<br>Facsimile: (239) 288-2534<br><br>*Attorney for Plaintiff* |