UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA MAGLIONE-CHENAULT, an
individual

       Plaintiff,

v.                                              Case No: 2:13-cv-811-FtM-38CM

DOUGLAS REALTY &
DEVELOPMENT, INC.,

       Defendant/Third
       Party Plaintiff

_____/

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Renewed[2] Joint Motion for Approval of Settlement (Doc. 54), filed on July 24, 2015. The parties filed the executed settlement agreements separately.[3] Docs. 56, 57.[4] The parties request that the

---

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen (14) days after issuance of the Report and Recommendation containing the finding or conclusion.

[2] The Court denied without prejudice the parties' first Joint Motion for Approval of Settlement (Doc. 51) because the parties did not provide sufficient information for the Court to conclude that the terms of the settlement were fair and reasonable, the proposed settlement agreement was not signed and the proposed settlement agreement requested that the Court retain jurisdiction to enforce the settlement. Doc. 53.

[3] The Settlement Agreement included with the motion was not executed. Doc. 54-1. Accordingly, the Court ordered that the parties file an executed settlement agreement. Doc. 55.

[4] The parties' settlement agreement allows for execution in counterparts which shall all be deemed original, but all of which shall constitute one and the same instrument. Docs. 56-1 at 3, 57-1 at 3.

Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id.*  When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff worked for the Defendant as a property manager. Docs. 1 at ¶ 6. Plaintiff sought damages for unpaid wages and overtime. Doc. 1 at ¶ 1. Plaintiff originally calculated the amount owed to her as at least $223,025.40. Doc. 26 at 4. As a reasonable compromise of the disputed issues, the Defendants have agreed to pay to Plaintiff the sum of $10.00. Docs. 56-1 at 2, 57-1 at 2.

Plaintiff agreed to accept an amount less than the original amount claimed "[d]ue to the expense and uncertainties of litigation." Doc. 56 at 2. Additionally, "discovery in this matter has not yielded sufficient evidence such that Plaintiff desires to assume the risk of this matter being adversely decided on a dispositive motion or trial." *Id.* The parties also evaluated the strength of the defenses and concluded that the defenses are strong and put Plaintiff's ability to establish liability in doubt. *Id.*

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.,* 2014 WL 2861483 (M.D. Fla. June 24, 2014). Similarly, a court in this district has approved a settlement for a fraction of the amount claimed

when the amount claimed by the plaintiff appeared exaggerated, and the strength of the defenses posed significant difficulties in the plaintiff's ability to prove the amount claimed. *Rutland v. Visiting Nurse Assoc. of Central Florida, Inc.*, 2008 WL 3833254 *2 (M.D. Fla. 2008).

Finally, the parties have agreed that each party will bear their own fees and costs. Docs. 56-1 at 3, 57-1 at 3. Thus, having reviewed the settlement documentation (Docs. 56-1, 57-1), the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The parties' Renewed Joint Motion for Approval of Settlement (Doc. 54) be **GRANTED**.

2. The executed Settlement Agreements (Docs. 56-1, 57-1) constitute one document and be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

3. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 21st day of August, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record